## Commercial Banking Corp. v. Bilbow

*Bucci & Bucci*, for plaintiff.
*Kephart, Riely, Henderson & Scullin*, for defendant.
*Irving J. Katz*, for Commercial Banking Corp.

CRUMLISH, J., October 18, 1957.—This matter comes before us on defendants' preliminary objections to plaintiff's complaint in asumpsit. The facts alleged in the complaint are that the Clean Heat Furnace Company entered into a conditional sales contract with defendants on September 17, 1954, for a heating system. The heater was installed. Clean Heat Furnace Company then assigned the contract to the Commercial Banking Corporation for value, whereupon defendants defaulted and plaintiff, Commercial Banking Corporation, obtained judgment on the note accompanying the contract. Defendant, William Bilbow, filed a petition to open judgment stating that his signature on the contract was forged. An answer to this petition was filed, depositions were taken by said defendant and the rule on the petition was made absolute on February 10, 1956, to frame an issue as to the signature during which time plaintiff reassigned all rights to Clean Heat Furnace Company for value.

Defendant, William Bilbow, has filed these preliminary objections to the complaint on the ground that the complaint shows on its face that plaintiff is not entitled to recover judgment against defendant, since in paragraph 8 thereof plaintiff avers that the contract and note upon which judgment is sought to be entered herein against defendant has been assigned and transferred for value to a third party, to wit, Clean Heat Furnace Company.

Wherefore, the preliminary objections demand that the complaint be dismissed.

The question involved here is: Where the real party in interest, after having commenced the action in his own name, assigns the subject matter of the cause of action to a third party, may the suit be continued in the name of the original plaintiff?

The answer is in the affirmative.

Defendant contends that the Clean Heat Furnace Company, assignee, is the real party in interest and that Pa. R. C. P. 2002 is controlling in that the rule provides, with certain exceptions not relevant in this proceeding, that every action shall be prosecuted by and in the name of the real party in interest. This rule is applicable only where the claim has been assigned prior to the commencement of an action.

In this case, Commercial Banking Corporation made the assignment after the commencement of the action, therefore, Pa. R. C. P. 2004 is controlling in this situation. This rule provides that: "If a plaintiff has commenced an action in his own name and thereafter transfers his interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff."

Under this rule, if a petition to change the designated parties is not filed by any of the parties in interest, the fact of the transfer will not create any infirmity in the action, since it may proceed to judgment without any amendment of the parties. This was the ruling in Gray v. Laudenslager, 65 York 7, 8 (1951), where the Court of Common Pleas of Lehigh County, speaking through Henninger, P. J., held that: "Any transfer of interest, . . . cannot affect the rights of plaintiff to pursue the remedy for the use of his transferee."

If in accordance with the above rule any party in interest decides to file a petition for a substituted plaintiff, the original plaintiff will be dropped from the record and cease to have any part in the action or to be subject to liability for any costs incurred there-

after in the action. At this stage of the proceeding, the present plaintiff may proceed with the action to its conclusion.

Accordingly, the preliminary objections should be dismissed on the ground of rule 2004 and defendants should be directed to file an answer to the merits so as to frame an issue in accordance with the prior order of the court.

### Order

And now, to wit, October 18, 1957, defendants' preliminary objections are dismissed and defendants are directed to file an answer to the complaint so as to frame the issue directed by prior order of court.